UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 189 CONNECTICUT AVENUE, LLC    :<br>    Plaintiff,                                            :<br>                                                        :<br>-vs-                                                     :<br>                                                        :<br>MELVILLE CORPORATION,                  :<br>now known as CVS PHARMACY, INC.,  :<br>and CVS CAREMARK CORPORATION    :<br>    Defendants.                                       :  | Civil No.: 3-09-cv-260 (PCD) |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff brings this action for breach of a commercial lease, including performance of obligations under the lease and payment of rent, under Connecticut Common Law. On February 13, 2008, Defendants CVS Pharmacy, Inc. and CVS Caremark Corporation (collectively "CVS") filed a Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. No. 9]. For the reasons stated herein, this motion is **denied.**

**I.     BACKGROUND**

This dispute concerns the commercial property, 189 Connecticut Avenue, in Norwalk, CT. Plaintiff is 189 Connecticut Avenue, LLC, a limited liability company authorized to conduct business in the State of Connecticut, the successor to Charles W. Bradley ("Bradley"), the landlord of the property at issue. (Compl. ¶¶ 1, 6.) Defendants are CVS Pharmacy, Inc., a corporation authorized to conduct business in Connecticut, with a principal place of business at One CVS Drive, Woonsocket, RI 02895 and CVS Caremark Corporation, a corporation with a place of business at One CVS Drive, Woonsocket, RI 02895.[1] (Id. ¶ 2.)

---

[1] CVS was formerly known as "Melville Corporation."(Compl. ¶ 14.)

1

On or about January 13, 1986, Seaman Furniture Company, Inc. ("Seaman") leased 189 Connecticut Avenue from Bradley for a term of fifteen years commencing September 15, 1986, and ending September 14, 2001. (Compl. ¶ 3.)  In 1992, Seaman was adjudicated bankrupt in the United States Bankruptcy Court for the Southern District of New York. (Compl. ¶ 5.)  On July 8, 1992, the Court ordered Bradley to accept an assignment of the 189 Connecticut Avenue lease from Seaman to CVS. (Compl. ¶ 6.)  On or about July 17, 1992, unbeknownst to Bradley, CVS assigned its tenancy rights to its wholly owned subsidiary, Norwalk L.T., Inc. ("Norwalk") (Compl. ¶ 7.)  On or about July 17, 1992, Seaman executed an assignment of the lease to "Norwalk L.T., a subsidiary of [CVS]."[2] (Compl. ¶ 8.)  CVS subsequently took possession of the premises, making modifications and conducting business as the tenant under the brand name "Linens 'N Things." (Compl. ¶ 9.)  CVS later spun off Linens 'N Things and its assets, resulting in an entity known as LNT, Inc. ("LNT"). (Compl. ¶10.)  LNT thereafter acted as the successor tenant. (Id.)  In May 2008, LNT became bankrupt and defaulted in the payment of rent to Plaintiff. (Compl. ¶ 11.)  Plaintiff alleges that CVS, or its successor, is liable to guarantee the performance of its assignees. (Compl. ¶ 13.)  Notice of default was given to CVS Pharmacy, Inc. on November 12, 2008, and to CVS Caremark Corporation on November 29, 2008. (Compl. ¶¶ 15-17.)  Plaintiff submits that Defendants have breached the lease and claims money damages. (Compl. ¶¶ 18-19.)

---

[2] Norwalk L.T., a subsidiary of Linens 'N Things, Inc., merged with and into LNT, Inc. ("LNT") on December 13, 2000.  LNT was a pre-existing entity with which Norwalk L.T. did not become affiliated until the merger.  Following the merger, Norwalk L.T. became known as LNT, Inc. (Defs.' Mem. in Support of Mot. to Dismiss at 3, n.2.)

## II.  STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted).  Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007).  Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## III.  DISCUSSION

Defendants argue that Plaintiff has failed to state a claim for which relief can be granted because the complaint does not expressly state that privity existed between themselves and Plaintiff.  However, the law is clear that "factual allegations must be enough [only] to raise a right

3

to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp., 127 S. Ct. at 1959.  The complaint states that Defendants assigned their tenancy rights to their wholly owned subsidiary, Norwalk. (Compl. ¶ 7.)  This statement amounts to an allegation that Defendants leased the premises at one point in time.  Defendants could not have assigned the rights to Norwalk without first obtaining them.  Logically, parties cannot assign tenancy rights which they did not possess.

Defendants argue that they are non-parties and non-guarantors to the lease and have no direct relationship to the Plaintiff. (Defs.' Mem. in Support of Mot. to Dismiss at 4.)  However, taking the allegations in the complaint as true, Defendants were once party to the lease. Defendants assigned their tenancy rights under the lease, and when a tenant assigns the lease, privity of contract endures and liability under the lease continues.  Gateway v. DiNoia, 232 Conn. 223, 234 (1995).  "The original tenant and the assuming assignee or assignees are all liable to the landlord, who may recover from any or all of them." Id. at 235 (quoting M. Friedman Leases (3d Ed. 1990) § 7.502d, p. 365); Rocklen, Inc. v. Radulesco, 1984 WL 255930 at *3 (Conn. Super. 1984).  Therefore, applying the Bell Atlantic standard, Plaintiff's allegation that Defendants assigned the lease to its subsidiary raises a right to relief.

Defendants' argument that a parent (or former parent) is not liable for the obligations and debts of its subsidiary because they are separate entities (Defs.' Mem. in Support of Mot. to Dismiss at 4) need not be addressed here as Plaintiff's complaint sufficiently alleges direct liability.

4

## IV.  CONCLUSION

For the foregoing reasons, Defendants CVS Pharmacy, Inc. and CVS Caremark Corporation's Motion to Dismiss [Doc. No. 9] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  28th  day of May, 2009.

                                        /s/
                                Peter C. Dorsey, U.S. District Judge
                                United States District Court